MICHAEL HARRIS, RESPONDENT, v. HENRY HEILIG, IMPLEADED, APPELLANT.

Argued November 7, 1912—Decided February 24, 1913.

The defendant was a partner with others in the building of two houses, which were completed four years before the negotiable note in suit was given. *Held*, that in the absence of proof that it was customary in the locality for a firm in that business to give negotiable notes and that the authority of one partner to sign notes in the firm name continued after the object of the partnership was accomplished, a partner who did not sign was not liable thereon.

---

On appeal from the First District Court of Jersey City.

This is an action upon a promissory note of M. Feinstein & Company, to the order of Morris Schultz, which was transferred by Schultz to the plaintiff in payment of his individual debt. The question is whether the appellant, Heilig, can be held as a member of the firm. The trial judge found as facts that the signature was made by Max Feinstein; that the firm was composed of Max Feinstein, Morris Schultz, Charles Schultz, Henry Heilig and Harris Cowan; that it was organized seven years ago to erect two buildings in Jersey City which were completed four years ago. Schultz had informed the plaintiff that the firm owed him for work on the buildings under a partnership agreement; plaintiff knew that Schultz was a member of the firm; that he had received a note of the firm for $500 in payment of his claims, which he wanted plaintiff to accept in settlement of his debt, paying Schultz the difference; the plaintiff was unwilling to do this and the note was exchanged for smaller ones of which the note in suit is one. By the agreement of settlement the firm agreed to pay Schultz $500 when the houses were sold. The plaintiff did not know of this agreement. The houses have not been sold.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the respondent, *Clarence Kelsey.*

For the appellant, *Collins & Corbin.*

The opinion of the court was delivered by

SWAYZE, J. The general principles underlying this case are well stated by Mr. Justice Matthews in *Irwin* v. *Williar,* 110 *U. S.* 499, as follows: "The liability of one partner, for acts and contracts done and made by his copartners, without his actual knowledge or assent, is a question of agency. If the authority is denied by the actual agreement between the parties, with notice to the party who claims under it, there is no partnership obligation. If the contract of partnership is silent, or the party with whom the dealing has taken place has no notice of its limitations, the authority for each transac-

tion may be implied from the nature of the business according to the usual and ordinary course in which it is carried on by those engaged in it in the locality which is its seat, or as reasonably necessary or fit for its successful prosecution. If it cannot be found in that, it may still be inferred from the actual though exceptional course and conduct of the business of the partnership itself, as personally carried on with the knowledge, actual or presumed, of the partner sought to be charged." This rule has been applied to the case of a negotiable instrument. *Dowling* v. *Exchange Bank,* 145 *Id.* 512. In the present case, since there is no actual agreement of partnership, and no proof that in the actual course of business negotiable instruments had been issued by the firm, the authority of Feinstein to bind Heilig must be implied from the nature of the business. The business was not a commercial one and did not necessarily involve the giving of negotiable notes. It was a mere partnership in the building of the houses. It may be that it is customary in Jersey City for a firm engaged in such a work to give notes for expenses incurred in the construction, but the state of the case fails to show that Schultz's claim was for such work; finding that he so informed the plaintiff is no evidence of the actual fact. Even if this gap in the evidence were supplied, it would still be a question whether the authority continued four years after the object of the copartnership had been accomplished. That object, as the judge found, was the erection of the buildings; naturally with the accomplishment of that object the authority of one partner as general agent of the other for the purposes of the partnership would be at an end. This case, moreover, involves more than the attempt to give a firm note after the object of the partnership has been accomplished; the note was given to one of the partners to pay a debt said to be due to him. This fact was known to the plaintiff and was sufficiently out of the usual course to make it his duty to inquire into the authority of one partner to bind the others. The plaintiff, too, was taking the note of the firm to one partner in payment of the individual obligation of the partner, and although the case is not exactly that of using the firm's property to pay an

individual debt, since the claim is that the original consideration was the firm's debt to Schultz, nevertheless, the circumstances as known to the plaintiff, coupled with the fact that upon his refusal to take the $500 note others were made, ought to have led to inquiry. Inquiry would have disclosed the agreement of settlement under which the $500 was not payable until the buildings were sold, the note was an absolute obligation to pay three months after its date. We think the facts as found did not suffice to establish Heilig's liability, and as to him there should have been a nonsuit. The judgment must, therefore, be reversed and the record remitted for a new trial.